J. Llamas & Cía., Demandante y Apelante, v. Great American Insurance Corporation, Etc., Demandada y Apelada.

No. 3292.—*Visto:* Noviembre 21, 1924. *Resuelto:* Diciembre 5, 1924.

Cobro de Póliza—Seguro contra Incendio—Prueba Circunstancial de Incendio Voluntario.—En este caso en el cual se reclamaban $3,300, importe de una póliza contra incendio ocurrido entre 8 y 9 p. m., la prueba demostró que la propiedad asegurada al ocurrir el incendio no valía más de $1,000; que el asegurado no tenía empleados y era la única persona que tenía acceso a la tienda en horas no laborables; que mosquiteros, frisas, etc., impregnados de petróleo fueron hallados en la tienda al comenzar el incendio, así como un gran número de cajas de cartón vacías; que el asegurado no llevaba libros de comerciante, habiendo declarado que las hojas de cuentas fueron quemadas. *Se resolvió:* que tal cadena de circunstancias y otras que constan en la opinión permiten inferir que el reclamante, aunque no hubiera sido arrestado, fué el autor del incendio para cobrar el seguro.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*J. Valldejuli,* abogado de la apelante; *Chas. Hartzell, D. F. Kelly* y *R. O. Fernández,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Demandada en cobro de una póliza de seguro de incendio, la compañía aseguradora logró defenderse por el fundamento de un incendio voluntario por parte del asegurado. La prueba de este alegado incendio voluntario fué enteramente circunstancial pero extraordinariamente fuerte. La corte declaró probado que el demandante asegurado no tenía empleados y era la única persona que tenía acceso al establecimiento en horas no laborables. Que la tienda fué cerrada a las 6 de la tarde y el fuego ocurrió entre 8 y 9 de la noche. Al llegar los bomberos y agentes de policía al establecimiento, después de una breve lucha con las llamas, lograron entrar al interior del edificio y encontraron allí mosquiteros, frisas y otros objetos de algodón o hilo impregnados en gas, y un gran número de cajas de cartón vacías. La corte también declaró probado como hecho independiente que la propiedad asegurada al ocurrir el incendio no valía más de $1,000. Ahora bien, como la póliza de seguro era de $3,300 y el asegurado trataba de cobrar toda la cantidad, esto constituía otra carecterística de fraude. Además de esto la prueba demuestra que el asegurado no llevaba los libros de costumbre y él declaró que aquellas hojas de cuentas que tenía fueron destruídas por el fuego. Esta destrucción es otra circunstancia sospechosa. La demandante, además, no pudo dar una explicación satisfactoria, ya de sus compras ó de la condición de abandono de su establecimiento en el cual, como la prueba demostró, se permitió que se acumulara una gran cantidad de desperdicios. Podemos incidentalmente decir que fácilmente puede tener

lugar un seguro por un valor mayor al que realmente tienen las mercancías, pero la atrevida tentativa a recobrar mucho más de lo que él poseía, relacionada con otras circunstancias, es una mala señal. Todos los hechos establecieron tal cadena de prueba circunstancial, que no es posible llegar a ninguna otra inferencia razonable que no sea que la demandante deliberadamente pegó fuego a su establecimiento. No importa que las autoridades no lo arrestaran. Ni tampoco es posible, de acuerdo con los hechos y conclusiones que algunas de las mercancías aseguradas fueran robadas mientras el fuego tomaba incremento. La policía y los bomberos intervinieron bastante pronto para evitar tal cosa.

Sin resolver definitivamente sobre la actitud que debemos tomar, nos inclinamos a convenir con la apelada en que en un caso civil, el hecho del incendio voluntario no tiene que probarse más allá de una duda razonable. 26 C. J. 542, 10 R.C.L. 1012, sec. 204. Joyce on Insurance, tomo 5, p. 6197, sec. 3782 (como ha sido citado por la apelada). Simpatizamos con la instrucción dada al jurado en el caso de *Schmidt* v. *New York Union Mutual Fire Ins. Co.,* 1 Gray 529 (Mass.), a saber, que "el peso de la prueba incumbía al demandado y que el jurado debe estar satisfecho, como hombres razonables, respecto a la veracidad de las alegaciones hechas por el demandado." En el presente caso la corte tenía derecho, en vista de la prueba, a estar convencida más allá de una duda razonable, de la culpabilidad de la demandante.

Tan clara fué la culpabilidad, que no hubo justificación para comenzar esta acción ni para la apelación, en vista de la prueba y conclusiones de la corte.

*Debe confirmarse la sentencia apelada.*